1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **CENTRAL DISTRICT OF CALIFORNIA**
10
11   DEVIN WADE,                        ) Case No. CV 25-2609-MWF (JPR)
                                        )
12                     Petitioner,      )
                                        )
13            v.                        ) ORDER DISMISSING HABEAS PETITION
                                        ) FOR FAILURE TO FOLLOW COURT ORDER
14   UNITED STATES COURT OF THE         ) AND FAILURE TO PROSECUTE
     9TH DISTRICT,                      )
15                                      )
                     Respondent.        )
16   _____)

17        On February 7, 2025, Petitioner filed in the Ninth Circuit
18   Court of Appeals a habeas petition, seemingly challenging a state
19   conviction. (See Pet., ECF No. 1 at 2.)  That court transferred
20   the Petition here on March 3.  (Order, ECF No. 2.)  On March 26,
21   the Magistrate Judge dismissed the Petition with leave to amend
22   because Petitioner had not used the required Central District of
23   California habeas form and because the Petition lacked the
24   necessary information to adequately screen it.  (See Order, ECF
25   No. 5.)  The Magistrate Judge gave Petitioner 30 days to amend
26   and warned that if he failed to timely comply with the order,
27   "his Petition may be dismissed."  (Id.)  Petitioner never
28

                                    1

responded to the Magistrate Judge's order.[1]

Courts may dismiss lawsuits that are not diligently prosecuted or as to which the party who filed suit failed to comply with a court order. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a pro se petitioner's action for failure to prosecute or failure to comply with a court order, a court must consider (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the other party, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Unreasonable delay creates a rebuttable presumption of prejudice to the opposing party that can be overcome only with an affirmative showing of just cause by the petitioner. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth factors militate for dismissal. Petitioner has a history of filing frivolous civil suits and habeas petitions, and on September 24, 2024, the Court declared him a vexatious litigant and prohibited him from filing any pro se petition, complaint, or IFP application "unless he has previously been granted leave to file the document by a Judge of this Court." In re Devin Kyle Wade Cases, Case No. EDCV

---

[1] The Magistrate Judge ordered the Clerk to "send Petitioner a copy of the Central District of California habeas form and any related forms," and the Order and forms were mailed to Petitioner at his address of record. (Order, ECF No. 5.) They have not been returned as undeliverable, so Petitioner presumably received them.

24-1640-MWF (JPR), 2024 WL 4291474 (C.D. Cal. Sept. 24, 2024). The Court granted him leave to file this case only to safeguard his rights if he in good faith intended to challenge a state-court conviction. But he has once again shown himself to be simply wasting the Court's time and resources.

Indeed, the Court found Petitioner to be a vexatious litigant based in part on his history of failing to respond to court orders. See R. & R., Wade v. Price, 5:24-cv-1664-MWF-JPR (C.D. Cal. filed Aug. 28, 2024), ECF No. 6 at 8 (noting that 12 of over 100 actions Petitioner had initiated in Central District since 2019 were dismissed without prejudice for "failure to file a complete request to proceed in forma pauperis, pay the filing fee, or respond to a court order"). Petitioner's vexatious filings and repeated disregard for court orders frustrate the public's interest in the expeditious resolution of litigation and the Court's ability to manage its docket.

Further, Petitioner has not rebutted the presumption of prejudice to Respondent caused by his unreasonable delay, a delay he has inflicted on numerous defendants and respondents since 2019. Id. Finally, there does not appear to be any less drastic sanction the Court can take, as Petitioner has ceased communicating with it and has failed to respond to a Court order, much like he has done in prior cases. The Court cannot simply leave this case hanging on its docket until he decides to participate. Moreover, dismissal without prejudice is a less drastic sanction than with prejudice, which is authorized when a petitioner has failed to diligently prosecute a habeas petition. See Pagtalunan, 291 F.3d at 642-43 (affirming dismissal of habeas

petition with prejudice for failure to prosecute).  Although the
fourth factor weighs against dismissal — as it always does — the
other factors together outweigh the public's interest in
disposing of the case on its merits.

Accordingly, this action is dismissed without prejudice for
failure to follow a Court order and failure to prosecute.

DATED:  May 6, 2025

MICHAEL W. FITZGERALD
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

4